UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL FELLOWS and JONATHAN
HADDEN, on behalf of themselves and
others similarly situated,

    Plaintiffs,                               Case No._____

v.

MADONNA LOUISE CICCONE ,
LIVE NATION WORLDWIDE, INC.;
LIVE NATION MTOURS (USA), INC.; and
BROOKLYN EVENTS CENTER, LLC,
D/B/A BARCLAYS CENTER,

    Defendants.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MICHAEL FELLOWS and JONATHAN HADDEN, as Class Representatives, on behalf of themselves and all others similarly situated, by and through their undersigned attorneys, in complaining against Defendants, LIVE NATION WORLDWIDE, INC., MADONNA LOUISE CICCONE, individually, LIVE NATION M TOURS (USA), INC., and BROOKLYN EVENTS CENTER, LLC, D/B/A BARCLAYS CENTER, state as follows:

### INTRODUCTION

This class action complaint is filed on behalf of two consumers, and a number of other consumers who will come within the class, who were lulled into purchasing tickets for concerts at the Barclays Center to be put on by one the premier performers of the past 40 years. Defendants had advertised, promoted, and covenanted that Madonna would launch the North America leg of her "Celebration Tour" in July 2023 in Brooklyn, New York, at the Barclays Center, but the

1

concerts did not happen until December 2023, after Madonna delayed the start of her tour due to illness. Moreover, the concerts at the Barclays Center were advertised to start at 8:30 p.m., but Madonna did not take the stage until after 10:30 p.m. on all three nights, with most concert attendees leaving the Barclays Center after 1:00 a.m. By the time of the concerts' announcements, Madonna had demonstrated flippant difficulty in ensuring a timely or complete performance, and Defendants were aware that any statement as to a start time for a show constituted, at best, optimistic speculation. Defendants' actions constitute not just a breach of their contracts with Plaintiffs and the Class Members, but also a wanton exercise in false advertising, negligent misrepresentation, and unfair and deceptive trade practices. As set forth *infra*, these acts or omissions are not countenanced by law, and Plaintiffs and the Class Members should be compensated for their damages.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Michael Fellows, is a resident of Kings County, New York, who is over the age of 18 years.

2. Plaintiff, Jonathan Hadden, is a resident of Bronx County, New York, who is over the age of 18 years (Plaintiffs Michael Fellows and Jonathan Hadden shall be hereafter referred to, collectively, as "**Plaintiffs**").

3. Defendant, Madonna Louise Ciccone ("**Madonna**"), was and is an individual residing in the State of New York and doing business in the State of New York as a concert performer under the name "Madonna."

4. Defendant, Live Nation Worldwide, Inc. ("**Live Nation**"), is a foreign business corporation organized and existing pursuant to the laws of the State of Delaware and registered to

do business in the State of New York and doing business as a concert promoter in the State of New York.

5. Defendant, Live Nation MTours (USA), Inc. ("**MTours**"), is a foreign business corporation organized and existing pursuant to the laws of the State of Delaware and registered to do business in the County of New York, State of New York.

6. Defendant, Brooklyn Events Center, LLC, is a foreign limited liability company organized and existing pursuant to the laws of the State of Delaware and registered to do business in the State of New York, doing business as "Barclays Center" in Kings County, New York (the "**Venue**").

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. ¶ 1332(d)(2) (class action jurisdiction). Upon information and belief, the value of the tickets for the three concerts at the Barclays Center exceed $10 million, as each of the three concerts which form the basis of this action hold up to 19,000 seats (calculated with an average ticket price of $100-$200).

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the contract at issue was entered into and/or performed in Kings County, New York, and the causes of action arose and/or accrued there.

9. All conditions precedent to this action have occurred, been performed, or have been waived.

## GENERAL ALLEGATIONS

### AS TO THE TICKET-PURCHASER PLAINTIFFS

10. On or about December 13, 2023, Plaintiff Michael Fellows purchased, for valuable consideration in the amount of $155.90, one ticket to attend a December 13, 2023 musical performance at the Venue by Madonna, during her "Celebration Tour" concert tour.

11. On or about December 13, 2023, Plaintiff Jonathan Hadden also purchased, for valuable consideration in the amount of $292.50, two tickets to attend a December 13, 2023 musical performance at the Venue by Madonna, during her "Celebration Tour" concert tour.

12. The terms and conditions printed on the face of the aforesaid tickets stated that the musical performance by Madonna was to occur on December 13, 2023 at the Venue, commencing at 8:30 p.m. (the "**Dec. 13th Concert**").

13. The Dec. 13th Concert started over two hours late, when Madonna finally took the stage between 10:45 p.m. and 11:00 p.m., rather than at 8:30 p.m. Upon information and belief, Madonna's concerts on December 14th and 16th at the Barclays Center also started over two hours late (the Dec. 13th Concert and the concerts on Dec. 14th and 16th shall be hereafter referred to, collectively, as the "**Concerts**").

14. Defendants did not provide any notice to Plaintiffs that the Concerts would start at a later time. Plaintiffs arrived before 8:30 p.m. at the Venue, expecting the concert to begin at 8:30 p.m. as indicated on their tickets.

### AS TO ALL PLAINTIFFS

15. The concert tickets purchased, for valuable consideration, by Plaintiffs, and all other ticket holders for the Concerts, specifically stated that each concert was to begin at 8:30 p.m. and

4

said representation regarding the start of the Concerts was material to Plaintiffs' agreement to purchase the tickets.

16. Madonna has a long history of arriving and starting her concerts late, sometimes several hours late. This history occurred throughout her 2016 Rebel Heart Tour, her 2019-2020 Madame X Tour, and prior tours, where Madonna continuously started her concerts over two hours late. In addition, Madonna was also several hours late starting her Celebration Tour concerts in other cities subsequent to the Barclays Center concerts in December 2023, including her later concerts in Boston and Washington. D.C.

17. Defendants failed to provide any notice to the ticketholders that the Concerts would start much later than the start time printed on the ticket and as advertised, which resulted in the ticketholders waiting for hours for the Concerts to begin at the Venue. Ticketholders leaving the Venue after 1:00 a.m. were confronted with limited public transportation, limited ride-sharing, and/or increased public and private transportation costs at that late hour. In addition, many ticketholders who attended concerts on a weeknight had to get up early to go to work and/or take care of their family responsibilities the next day.

18. Plaintiffs and other ticketholders to the Concerts have been damaged as a direct and proximate result of the late start time of the Concerts from 8:30 p.m., as printed on the tickets and promised to the ticketholders by Defendants, Live Nation, MTours, the Venue, and Madonna.

19. Defendants engaged in unconscionable, unfair, and/or deceptive trade practices by offering to the public Concerts that were promised to begin at 8:30 p.m., knowing that Madonna would most certainly not take the stage at the advertised start time.

## CLASS ACTION ALLEGATIONS

20. **Class Definition:** Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23(a) and (b), both on behalf of themselves and on behalf of the following class:

(1) All individuals throughout the United States who, through Ticketmaster, purchased a ticket or tickets or became a ticketholder for the Concerts (the "Ticketmaster Class").

(2) All individuals throughout the United States who, through a ticket reseller or any other person or entity who is neither Ticketmaster nor the box office at the Venue, purchased a ticket or tickets or became a ticketholder to the Concerts (the "Reseller Class").

(3) All individuals throughout the United State who, through the box office at the Venue, purchased a ticket or tickets or became a ticketholder to the Concerts (the "Box Office Class").

(The subject classes will be collectively referred to as the "**Class**" and the members of the Class will be collectively referred to as "**Class Members**").

21. The following people are excluded from the Class: (1) any judge or magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, and its current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

22. Plaintiffs reserve the right to modify or amend the definition of the proposed Class and/or to add subclasses, if deemed necessary, before this Court determines whether certification is appropriate.

23. **Numerosity under Fed. R. Civ. P. 23(a)(1):** The number of Class Members are so numerous that separate joinder of each member is impractical. Upon information and belief, and subject to discovery, the Class consists of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Live Nation's records, included within which are Ticketmaster's records and MTours' records. Live Nation has the administrative capability through its computer systems and other records to identify all members of the Class and the amount of paid by each Class Member, whether any tickets were resold through Ticketmaster, and the price of the tickets upon resale, and such specific information is not otherwise available to Plaintiffs.

24. **Commonality under Fed. R. Civ. P. 23(a)(2):** This action poses questions of law and fact that are common to and affect the rights of the Class relating to Live Nation's and MTours' business practices challenged herein, as well as the promotion of the Celebration Tour and the start times for Madonna's concerts. Those common questions predominate over any questions affecting only individual Class Members. The common questions include, but are not limited to:

(a) Whether there was a reasonable expectation that the Concerts would start at the time originally listed on the tickets;

(b) Whether there was a reasonable expectation that the start time of the Concerts was not subject to change;

(c) Whether, subsequent to the decision by Madonna and/or the Venue to change the start time, an offer of a refund should have been made;

(d) Whether a breach of contract occurred;

(e) Whether promissory estoppel should have prevented the changes at issue;

(f) Whether there was a negligent misrepresentation with regard to the issues detailed in this Complaint;

(g) Whether there has been a violation of § 349 of New York's General Business Law;

(h) Whether there has been a violation of § 350 of New York's General Business Law; and

(j) Whether Defendants have been unjustly enriched with regard to the Concerts.

25. **Typicality under Fed. R. Civ. P. 23(a)(3):** Based on the facts and circumstances set forth herein, Plaintiffs' claims are typical of the claims of the Class Members in that they arise out of the same wrongful conduct of Defendants, with regard to the same Concerts occurring in the same city, as described herein.

26. **Adequacy of Representation under Fed. R. Civ. P. 23(a)(4):** Based on the facts and circumstances set forth herein, Plaintiffs will fairly and adequately protect and represent the interests of each Class Member. Plaintiffs each purchased tickets to the Concerts and suffered damages as a result of the change in start time. In addition:

(a) Plaintiffs are committed to the vigorous prosecution of this action on behalf of themselves and all others similarly situated and have retained competent counsel experienced in the prosecution of class actions and, in particular, actions regarding concert promoters and performers;

(b) There is no hostility between Plaintiffs and the unnamed Class Members;

(c) Plaintiffs anticipate no difficulty in the management of this litigation as a class action; and

(d) Plaintiffs' legal counsel have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

27. **Predominance under Fed. R. Civ. P. 23(b)(3):** The questions of law and fact common to the Class as set forth in the "commonality" allegation above predominate over any individual issues. As such, the "commonality" allegations (paragraph 24 and subparts) are restated and incorporated herein by reference.

28. **Superiority under Fed. R. Civ. P. 23(b)(3):** A class is superior to other available methods and highly desirable for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is very small relative to the complexity of the litigation and because the financial resources of Live Nation, MTours, Madonna, and the Venue are enormous, no Class Member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class Members will continue to suffer losses and Defendants' conduct will proceed without remedy. In addition, even if Class Members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

29. There are no known individual Class Members who are interested in individually controlling the prosecution of separate actions.

30. Plaintiffs also bring this class action as a result of the Defendants' actions or omissions set forth herein, which actions or omissions are generally applicable to all Class Members, thereby making determination of damages appropriate to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

31. Plaintiffs repeat and reallege paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. Plaintiffs and the Class Members are "persons" within the meaning of GBL §349(h). At all times relevant hereto, Plaintiffs, as well as all Class Member ticketholders, were legitimate consumers as defined by New York law and are entitled to seek the underlying relief.

33. GBL §349(a) states: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

34. At all relevant times, Defendants had and have been engaged in business, trade or commerce in New York within the meaning of GBL § 349.

35. At all times material hereto, Defendants solicited, advertised, offered, and provided goods and services by way of selling, promoting, and performing live music concerts, and thereby were engaged in a trade or commerce.

36. Defendants have engaged in repeated and persistent deceptive acts and practices in the marketing of their concert tickets for the Celebration Tour, including but not limited to:

 a. Misrepresenting, directly or by implication, that the start time of the Concerts would be at 8:30 p.m.;

 b. Falsely representing, directly or by implication, that the Concerts would start at 8:30 p.m.;

 c. Failing to provide notice to Plaintiffs and all Class Members that the Concerts would not start at 8:30 p.m.; and

 d. Failing to provide Plaintiffs and all Class Members with the option of receiving a refund.

37. By engaging in the acts and practices described above, all of which were material, Defendants have engaged in and continue to engage in deceptive business practices in violation of GBL § 349.

38. Defendants' acts and practices alleged herein constitute acts, uses, or employment of deception, fraud, unconscionable and unfair commercial practices, false pretenses, false promises, misrepresentations, or the knowing concealment, suppression, or omission of material facts with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of merchandise, and with the subsequent performance, of Defendants in violation of § 349 of New York's General Business Law, making deceptive and unfair acts and practices illegal.

39. Defendants' conduct is deceptive because it misled consumers and the public by making them believe, falsely, that the Concerts would start at 8:30 p.m. and conclude by 10:30 p.m., based on the representations made by the Defendants that Madonna's performance would run two hours.

40. Defendants' representations and omissions were materially false and misleading and likely to deceive the consuming public because Defendants knew and failed to disclose that Madonna would, or would most likely, start the Concerts over two hours late and that she has a consistent history over many years of starting her concerts over two hours late.

41. The deceptive acts and practices of Defendants have directly, foreseeably, and proximately caused damages and injury to Plaintiffs and the other Class Members. Indeed, Defendant's false and deceptive representations caused Plaintiffs and other Class Members to suffer actual and consequential damages..

42. Plaintiffs and other Class Members would not have paid for their tickets had they known that the Concerts would start after 10:30 p.m. and end after 1:00 a.m.

43. Defendants sold more tickets because they listed the 8:30 p.m. start time.

44. Additionally, Defendants failed to provide a notice to the ticketholders that the Concerts would start late, which resulted in the ticketholders waiting for hours for the Concerts to begin, being unable to resell their tickets; others being left stranded in the middle of the night because they missed their arranged ride home or public transportation and some private transportation was limited and/or more expensive at that late hour.

45. Said actions were committed for various Madonna concerts throughout the United States and over many years sufficiently to be considered a regular business practice.

46. In addition to pecuniary losses, Plaintiffs and the Class Members suffered actual harm as a result of Defendants' violations of GBL §349(a), including but not limited to, the annoyance, harassment, time, frustration, and anger due to Defendants' violations of GBL §349. Plaintiffs and the Class Members are entitled to pursue claims against Defendants for damages, statutory damages, treble damages, exemplary damages, costs and attorneys' fees pursuant to GBL §349(h) to redress Defendant's violations of GBL §349(a).

47. Class Members who were 65 years of age or older at the time of Defendants' violations of GBL §349 are entitled to pursue additional remedies pursuant to GBL §349-c to redress Defendant's violations of GBL §349(a) perpetrated against elderly persons.

48. Plaintiffs have retained the undersigned counsel to represent them and all Class Members in this matter and have agreed to pay a reasonable attorneys' fee for their counsel's professional services.

WHEREFORE, Plaintiffs, individually, and on behalf of all Class Members, demand judgment against Defendants for actual and consequential damages, treble damages, as well as attorneys' fees and costs pursuant to GBL § 349(h), pre and post-judgment interest as permitted by law, and any other relief that this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
### FALSE ADVERTISING IN VIOLATION OF GBL § 350

49. Plaintiffs repeat and reallege paragraphs 1 through 30 of the Complaint as if fully set forth herein.

50. GBL § 350 prohibits "false advertising in the conduct of any business."

51. At all relevant times, Defendants have been engaged in business in New York within the meaning of GBL § 350.

52. Defendants have engaged in false advertising in violation of General Business Law § 350 by:

(a) Misrepresenting, directly or by implication, that the start time of the Concerts would be at 8:30 p.m.;

(b) Falsely representing, directly or by implication, that the Concerts would start at 8:30 p.m.;

(c) Failing to provide notice to Plaintiffs that the Concerts will start late; and

(d) Failing to provide Plaintiffs and all Class Members with the option of receiving a refund.

53. By engaging in the acts and practices described above, all of which were material, Defendants have engaged in and continue to engage in false advertising in violation of GBL § 350.

54. Plaintiffs have retained the undersigned counsel to represent them and all Class Members in this matter and have agreed to pay a reasonable attorneys' fee for their counsel's professional services.

WHEREFORE, Plaintiffs, individually, and on behalf of all Class Members, demand judgment against Defendants for actual and consequential damages, treble damages, as well as attorneys' fees and costs pursuant to GBL 350-e, pre and post-judgment interest as permitted by law, and any other relief that this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
### BREACH OF CONTRACT

55. Plaintiffs repeat and reallege paragraphs 1 through 30 of the Complaint as if fully set forth herein.

56. Plaintiffs and all other Class Members entered into a valid and enforceable written contract with Defendants, in which Defendants offered a ticket for the Concerts that was promised to begin at 8:30 p.m., the terms of which Plaintiffs accepted by virtue of their purchase of such offered tickets, and which promises were contained in printed representations on tickets sold for valuable consideration.

57. Plaintiffs and all other Class Members fully performed under the contract by paying valuable consideration to Defendants.

58. Defendants breached their contract with Plaintiffs by failing to provide Plaintiffs and all other Class Members with a concert that began at the time promised. Additionally, Defendants failed to provide any notice that the Concerts would not begin at 8:30 p.m.

59. All conditions precedent to bringing this action for breach of contract have occurred or have been waived.

60. As a direct and proximate result of said breach of contract by Defendants, Plaintiffs and all other Class Members have suffered actual and consequential damages..

WHEREFORE, Plaintiffs, individually, and on behalf of all Class Members, demand judgment against Defendants for actual and consequential damages, as well as costs, pre and post-judgment interest as permitted by law, and any other relief that this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
## PROMISSORY ESTOPPEL

61. Plaintiffs repeat and reallege paragraphs 1 through 30 of the Complaint as if fully set forth herein.

62. Defendants represented to Plaintiffs and all Class Members that the tickets they were buying were for a concert beginning at 8:30 p.m.

63. Plaintiffs and all Class Members reasonably relied on said representation that the Concerts would begin at 8:30 p.m. when they bought their tickets and paid valuable consideration for same.

64. Defendants changed their position by allowing Madonna to start the Concerts after 10:30 p.m., to the detriment of Plaintiffs and all similarly situated Class Members, including but not limited to, the inability or inconvenience to attend a concert starting after 10:30 p.m.

WHEREFORE, Plaintiffs, individually, and on behalf of all Class Members, demand judgment against Defendants for actual and consequential damages, as well as costs, pre and post-judgment interest as permitted by law, and any other relief that this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

65. Plaintiffs repeat and reallege paragraphs 1 through 30 of the Complaint as if fully set forth herein.

66. At all times material hereto, Defendants represented to Plaintiffs and all other Class Members that they were buying a ticket to a concert that would start at 8:30 p.m.

67. Said representation was made for the purpose of inducing Plaintiffs and the Class Members to purchase concert tickets to Madonna's Celebration Tour.

68. As a result of said representation, Plaintiffs and all Class Members were induced into purchasing said concert tickets.

69. Defendants had a duty of reasonable care to provide Plaintiffs with a concert that began at the scheduled time as listed on the tickets.

70. Based on the years-long history of Madonna arriving several hours late to prior concerts (and which conduct continued at concerts in other cities after the Concerts at the Barclays Center, including concerts in Washington, D.C. and Boston), Plaintiffs knew or should have known that the Concerts would not start at 8:30 p.m., and that Madonna would not take the stage until several hours after the start time, causing Plaintiffs and all Class Members to have to wait several hours.

71. As a result of said misrepresentation, Plaintiffs and the Class Members suffered actual and consequential damages, including but not limited to loss of consideration paid for the tickets caused by the inability or inconvenience to attend a concert starting after 10:30 p.m.

WHEREFORE, Plaintiffs, individually, and on behalf of all Class Members, demand judgment against Defendants for actual and consequential damages, as well as costs, pre and post-judgment interest as permitted by law, and any other relief that this Court deems just and proper.

### AS AND FOR A SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT

72. Plaintiffs repeat and reallege paragraphs 1 through 30 of the Complaint as if fully set forth herein.

73. Defendants have collected money for concert tickets from Plaintiffs and other Class Members who reasonably believed the Concerts would promptly begin at 8:30 p.m. Had Plaintiffs and other Class Members known that the Concerts would start after 10:30 p.m., they never would have agreed to purchase the tickets.

74. As a result, Plaintiffs and the Class Members have conferred a benefit on Defendants.

75. Defendants had knowledge of this benefit and voluntarily accepted and retained the benefit conferred.

76. Defendants will be unjustly enriched if they are allowed to retain the aforementioned benefits, and Plaintiff and each Class Member is entitled to recover the amount by which Defendants were unjustly enriched at Plaintiffs' and each Class Member's expense.

WHEREFORE, Plaintiffs, individually, and on behalf of all Class Members, demand judgment against Defendants for actual and consequential damages, as well as costs, pre and post-judgment interest as permitted by law, and any other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs and the Class hereby demand trial by jury of all issues triable by right.

Dated: Brooklyn, New York

January 17, 2024

Respectfully submitted,

*/s/ Richard A. Klass*
Richard A. Klass, Esq.
16 Court Street, 28th Floor
Brooklyn NY  11241
Tel.: 718.643.6063
Fax: 718.643.9788
Email: RichKlass@courtstreetlaw.com

Dated: January 17, 2024

        Respectfully submitted,

        **MARCUS W. CORWIN, P.A.**
        **d/b/a CORWIN LAW**

        BY: */s/ Marcus W. Corwin*
        Marcus W. Corwin, Esq.
        FL Bar No. 764647
        6501 Congress Avenue, Ste. 100
        Boca Raton, FL 33487
        561.482.3636 – Telephone
        561.962.2010 – Direct Dial
        mcorwin@corwinlawfirm.com
        *Pending Pro Hac Vice admittance*

        *Counsel for Plaintiffs*