**Proskauer»**

May 1, 2024

VIA ECF

The Honorable Hector Gonzalez
United States District Judge
United States District Court, New York Eastern District
225 Cadman Plaza East
Brooklyn, NY 11201

Jeff Warshafsky
Partner
d 212.969.3241
f 212.969.2900
jwarshafsky@proskauer.com
www.proskauer.com

Re:   *Fellows et al. v. Ciccone et al.*, **Case No. 1:24-cv-00357-HG**

Dear Judge Gonzalez:

We write on behalf of the defendants in the above-captioned action pursuant to the Court's April 8, 2024 Order. In the Order, the Court noted that defendants' motion to dismiss (Dkt. 22) identified "several likely legal deficiencies in the Complaint" and directed plaintiffs Michael Fellows and Jonathan Hadden to file any amended complaint by April 24. The Court also directed defendants to file a letter by May 1 indicating whether they intend to renew their motion to dismiss with respect to any amended complaint.

In the Amended Complaint filed on April 24 (Dkt. 27), Jonathan Hadden is no longer named as a plaintiff, although he has not filed a notice of dismissal.[1] A new plaintiff, Jason Alvarez, has taken his place alongside Mr. Fellows. The Amended Complaint contains some new allegations, including with respect to Mr. Alvarez, that defendants anticipate will give rise to new arguments for dismissal.

Overall, though, the Amended Complaint's core allegations and causes of action are similar to the original Complaint and fail for the same reasons articulated in defendants' prior motion to dismiss. In particular, the central problem with the Amended Complaint remains the implausibility of its theory of "false advertising." Plaintiffs premise their claims and alleged injuries on the assertion that Madonna's concerts ended later than plaintiffs reasonably expected. But, as before, plaintiffs cannot plausibly allege that defendants deceived them about when the shows would end because defendants never advertised or represented that the shows would end by any particular time or would run for any particular length. For this reason and many others to be addressed in defendants' motion, the Amended Complaint fails to state any claim for relief.

Unlike the original Complaint, the Amended Complaint describes purported injuries that the two named plaintiffs claim to have suffered. While defendants dispute that either named plaintiff actually suffered any injury as a result of any wrongful conduct by any defendant, defendants do

---

[1] Defendants request that the Court dismiss Mr. Hadden's claims with prejudice.



May 1, 2024
Page 2

not believe that jurisdictional discovery is necessary to decide their forthcoming motion to dismiss, including with respect to plaintiffs' continued failure to plead Article III standing.[2]

Defendants respectfully request 30 days (i.e., until May 31) to file their motion to dismiss the Amended Complaint.

Respectfully submitted,

*/s/ Jeff Warshafsky*

Jeff Warshafsky

---

[2] If plaintiffs assert new facts in their opposition to the motion (which would be improper), or in a further amended pleading, defendants may renew their request for limited jurisdictional discovery.