# Proskauer»

June 10, 2024

VIA ECF

The Honorable Hector Gonzalez
United States District Judge
United States District Court, New York Eastern District
225 Cadman Plaza East
Brooklyn, NY 11201

Jeff Warshafsky
Partner
d 212.969.3241
f 212.969.2900
jwarshafsky@proskauer.com
www.proskauer.com

Re:     *Fellows et al. v. Ciccone et al.*, **Case No. 1:24-cv-00357-HG**

Dear Judge Gonzalez:

We write on behalf of the defendants in the above-captioned action to address the "Notice of Settlement" filed Friday evening by plaintiffs. The parties have <u>not</u> settled this matter.[1]

On May 29, 2024, counsel for the parties discussed the possibility of settlement. My colleague Lisa Markofsky and I told Mr. Corwin some of the terms that defendants would require for a settlement, provided that the parties could reach agreement on other key terms that would need to be negotiated. Mr. Corwin stated that he could not present this incomplete proposal to his clients and would need a complete set of proposed settlement terms (or a draft settlement agreement) in writing. Toward the end of the call, Mr. Corwin sought to confirm that defendants would send a written settlement proposal that he could take to his clients and asked when we expected to do so. I responded that I would need to discuss this matter with my clients and that, given certain statements that he had made on the call, my clients might decline to send any offer at all.

On May 31, not having received any offer from defendants, Mr. Corwin followed up asking for a written term sheet "so that we can properly and accurately present the offer to our clients." He closed his email by asking me to "advise when we may expect to receive a Term Sheet with the specific settlement offer that may be transmitted to our clients." On June 4, I responded by email that "our clients have decided not to make a written settlement offer to your clients at this time."

Nonetheless, two days later, on June 6, Mr. Corwin wrote that plaintiffs had "accepted Live Nation's proposal for settlement." He attached a draft settlement agreement and asked defendants to "confirm that the terms of the Settlement Agreement and Release for Messrs. Fellows and Alvarez are approved." Before defendants could even respond to remind Mr. Corwin that defendants had made no settlement offer that could be accepted, and that there is no agreed-upon settlement, Mr. Corwin filed the false "Notice of Settlement" on Friday, June 7, at 6:28 p.m. I promptly sent Mr. Corwin a letter that evening demanding he withdraw the False Notice by 9 a.m.

---

[1] This letter describes some of the non-substantive portions of the parties' recent communications to demonstrate that no settlement was reached. Defendants do not waive, and expressly preserve, all applicable privileges, including under Federal Rule of Evidence 408, that apply to the communications as a whole and those parts not disclosed here, including the parties' substantive settlement positions.



June 10, 2024
Page 2

on Monday morning. Mr. Corwin did not respond to my Friday letter until this morning at 9:03 a.m. He did not agree to withdraw the notice of settlement, thus necessitating this letter.

To be clear, defendants are not necessarily opposed to settlement if certain terms can be reached. But defendants will not be harassed into settlement and cannot abide false statements made to the Court. The False Notice is part and parcel of the harassment campaign that plaintiffs' counsel has been waging against defendants over the last several months in hopes of extorting a lucrative settlement by forcing defendants to incur unnecessary legal fees. We do not know what plaintiffs believe they are accomplishing or trying to accomplish with the False Notice. Perhaps it is a ploy to avoid or delay responding to (i) defendants' motion to dismiss the Amended Complaint, or (ii) a Rule 11 letter that we sent plaintiffs' counsel, prior to filing the motion to dismiss, about an allegation in the Amended Complaint that is demonstrably and knowingly false. But whatever plaintiffs' motive, as explained in the motion to dismiss, defendants believe plaintiffs' complaint is completely without merit and intend to fully defend themselves against such allegations.

We respectfully ask the Court to strike the "Notice of Settlement," to order plaintiffs or their counsel to pay defendants' attorneys' fees incurred in connection with responding to their improper filing, and to issue any further relief the Court deems appropriate under these circumstances. We also ask the Court to confirm that plaintiffs' opposition to defendants' motion to dismiss remains due on July 1.

Respectfully submitted,

*/s/ Jeff Warshafsky*
Jeff Warshafsky